# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2717

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Terry R. Stamps, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 10, 2002

Filed:  January 3, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

PER CURIAM.

Terry R. Stamps challenges on appeal the sentence the District Court[1] imposed upon him after he pleaded guilty to five drug and firearms charges.  Those charges resulted from a January 2000 drug transaction with a confidential informant and the subsequent search of Stamps's apartment.  We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

The Presentence Report prepared after Stamps's guilty plea recommended that $5000 cash found in his apartment be converted into an equivalent quantity of cocaine base (crack cocaine) for sentencing purposes. After the sentencing hearing, the court found that the cash was indeed drug proceeds and that crack cocaine was the appropriate illegal substance for purposes of conversion, notwithstanding that both crack and marijuana were found during the search of Stamps's apartment. Stamps challenges the determination that conversion was proper in his case. We review for clear error and find none. See United States v. Perkins, 94 F.3d 429, 437 (8th Cir. 1996), cert. denied, 519 U.S. 1136 (1997).

It is undisputed that Stamps sold crack cocaine from his apartment—as evidenced by the controlled buy that led to the search of the apartment in the first place—and that he kept the proceeds of such sales at the residence. The fruits of the search of the apartment provide further evidence of Stamps's dealings: quantities of crack cocaine and marijuana; an electronic scale; four firearms; and $5367 in cash, which was found in close proximity to the drugs. Notwithstanding the sum of cash in his apartment at the time of the search, Stamps had just over $350 in verifiable income from 1996 through 2000. See id. at 438 (holding that the district court did not commit clear error in converting a portion of the cash recovered during a search of defendant's residence to a crack cocaine equivalent for sentencing purposes, where defendant was unemployed, had minimal employment in the previous three years, and was seen with cash and crack just before the search). The District Court did not err in determining that a conversion was warranted under the United States Sentencing Guidelines. Further, we see no error in the court's determination that the government proved by a preponderance of the evidence that $5000 of the cash recovered was the proceeds of Stamps's illegal sale of crack cocaine. See United States v. Atkins, 250 F.3d 1203, 1211 (8th Cir. 2001) (standard of review).

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.